This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Harold Bishopriggs (hereafter "Bishopriggs"), appeals the judgment of the trial court that classified him as a sexual predator pursuant to R.C. § 2950.09. The issue before us is whether Bishopriggs was improperly labeled a sexual predator. For the following reasons, we affirm the decision of the trial court.
On January 14, 2000, Bishopriggs entered a guilty plea to five counts of Gross Sexual Imposition contrary to R.C. § 2907.05(A)(2) and five counts of Corrupting Another With Drugs contrary to R.C. §2925.02(A)(4)(a), each a felony of the fourth degree. On March 31, 2000, Bishopriggs was sentenced to twelve months in prison for each of the five counts of Gross Sexual Imposition to be served consecutively, and twelve months in prison for each of the counts of Corrupting Another With Drugs to be served concurrently, for a total of five years in prison. During the sentencing hearing, the trial court also classified Bishopriggs as a sexual predator pursuant to R.C. § 2950.09.
Bishopriggs began molesting his daughter M.B. when she was just twelve years old. He would use alcohol and marijuana while providing her with the same to the point she was "basically helpless" (Tr. 10). After lulling his daughter into a state of unconsciousness, Bishopriggs would commit the sexual assaults. M.B. testified Bishopriggs would fondle her chest and genital area, although Bishopriggs denied engaging in such activities while his daughter was unconscious. Instead, he alleged these events occurred while wrestling with her. This pattern of abuse continued until M.B. was sixteen years old. She testified that during his last assault, Bishopriggs, "had his mouth on her privates and her shorts were off." The babysitter, A.L., had her written statement read before the court, testifying Bishopriggs, "put his hands in her underwear while she was asleep at his residence."
Bishopriggs alleges in his sole assignment of error:
 "The court committed reversible error in adjudicating the defendant a sexual predator pursuant to Ohio Revised Code Section 2950.09."
Bishopriggs argues the trial court's determination was not supported by clear and convincing evidence. We affirm the trial court's judgment because Bishopriggs' designation as a sexual predator comports with R.C.2950.01.
Although the trial court erroneously stated a sexual predator determination is based upon evidence beyond a reasonable doubt, and based its decision on that level of proof, R.C. 2950.01(B)(3) dictates the adjudication must be based upon a lesser standard, clear and convincing evidence. So too is the standard of review to be applied by an appellate court when reviewing a trial court's sexual predator determination. R.C.2953.08. Clear and convincing is defined as:
 "that measure of degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in [proving guilt in] criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Roseberry (Feb. 24, 2000), Jefferson App. No. 99 JE 13, unreported, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, syllabus 3.
Thus, Bishopriggs will prevail upon appeal only if the trial court's finding that he is a sexual predator is not supported by clear and convincing evidence. That the trial court made the determination upon a reasonable doubt burden of proof, which is a higher standard, constitutes harmless error, which may explain why counsel for Bishopriggs did not assign it as error.
"Sexual predator" means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. Pursuant to R.C. § 2950.09(B)(2), a trial court must consider all relevant factors in determining whether an individual is a sexual predator, including but not limited to the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In support of his assignment of error, Bishopriggs argues there was no evidence of cruelty directed toward the victims, his lack of a criminal record and absence of mental disease or defect, and that this substantiates his claim that he should not be labeled a sexual predator. This argument is misplaced. The criteria of R.C. § 2950.01(B)(2) lists nine specific factors plus a catchall provision for the trial court to consider, not just the three Bishopriggs contends are favorable to him. Moreover, with regards to Bishopriggs' argument that his lack of a prior criminal record precluded his classification as a sexual predator, the Fifth District Court of Appeals upheld the sexual predator designation of the defendant in State v. Gibbens (November 13, 2000), Stark App. No. 2000 CA 114, unreported, where, as in this case, the offender engaged in a continuing course of conduct.
A trial court is not required to find all or even a majority of factors listed in R.C. § 2950.09(B)(2) exist in order to classify an offender as a sexual predator. State v. Whitson (Apr. 7, 2000), Wood App. No. 99-034, unreported. Further, in State v. Mollohan (August 19, 1999), Washington App. No. 98 CA 13, unreported, the court unequivocally stated:
 "* * * [W]e find nothing in the statute which suggests that one's status as a sexual predator is determined simply by "tallying up" factors, pro and con, and then determining which group is larger. An offender could conceivably be classified as a sexual predator based on only one or two factors from R.C. 2950.09(B)(2). Courts must consider the particular facts of each case and look at the `totality of the circumstances' rather than engage in a rote mathematical computation to determine a criminal defendant's sexual predator status."
In this case, the trial court made findings of five of the nine specific criteria as well as the catchall criteria set forth in 2950.09(B)(2). Bishopriggs was forty-five years old at sentencing, whereas his multiple victims were ages twelve and sixteen when the assaults occurred. 2950.09(B)(2)(a),(c), and (d). He used both alcohol and marijuana to incapacitate his adopted daughter, often waiting until she passed out to commit the offense. 2950.09(B)(2)(e). Bishopriggs was frequently naked when he digitally and orally fondled his daughter's breasts and vagina and he put his hands into the sixteen year old babysitter's pants. 2950.09(B)(2)(h). Moreover, he engaged in this pattern of conduct over a period of four years with his daughter. Id. Bishopriggs promised to stop the abuse but did not do so until arrested, which, if not meeting the criterion regarding cruelty, 2950.09(B)(2)(i), certainly constitutes additional behavioral characteristics that contributed to the conduct, including the fact that his relationship between the victims facilitated the offense. 2950.09(B)(2)(j). All these findings by the trial court rise to the level of clear and convincing evidence.
In light of the decisions rendered in Whitson and Gibbens, it is evident Bishopriggs fits within the sexual predator classification, and the trial court's decision is supported by clear and convincing evidence. The trial court enumerated multiple findings of misconduct committed by Bishopriggs and the impact that resulted upon the victims. The designation is entirely consistent with R.C. § 2950.09. Therefore, Bishoprigg's assignment of error is meritless. Based upon the foregoing, the judgment of the trial court is affirmed.
Donofrio, J., Concurs, Waite, J., Concurs.